## MATILDA PARR *vs.* SARAH GOSLING *et al.*

### JUNE 18, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.   Life Estate and Remainder.*

Testamentary devise:   "I give devise and bequeath all of the rest and residue of my estate, both real and personal, to my said wife, for her sole use and benefit so long as she may live and to her heirs and assigns forever."

*Held,* that the devisee took only a life estate and upon her death remainder vested in fee simple in her heirs at law, under Gen. Laws, 1909, cap. 252, § 6.

*(2)   Wills.   Life Estate and Remainder.*

In view of the provisions of Gen. Laws, 1909, cap. 252, §. 6, "When lands are   .   .   .   devised by will to a person for his life and after his death to his heirs in fee or by words to that legal effect, the   .   .   . devise shall be construed to vest an estate for life only in such first taker and a remainder in fee simple in his heirs," the court cannot seek the intent of the testator by an interpretation of other portions of the will or by the consideration of surrounding circumstances.

BILL IN EQUITY for construction of will.   Certified under statute from Superior Court.

VINCENT, J.   This is a suit in equity certified to this court under the statute for the purpose of construing a clause

in the will of George Parr, late of Cumberland, Rhode Island, who deceased on May 24, 1917, leaving a widow but no children. Since the filing of the bill the complainant, Matilda Parr, has deceased, leaving a last will and testament under which Thomas A. Little, a first cousin of the said Matilda, is the beneficiary of the real estate to which the second clause of the will of George Parr applies. This clause is as follows: "Second:—I give, devise and bequeath all of the rest and residue of my estate, both real and personal, wherever the same may be or of whatsoever it may consist, to my said wife, Matilda Parr, for her sole use and benefit so long as she may live and to her heirs and assigns forever."

The property affected by this clause of the will is the undivided one-half interest which George Parr had at the time of his death in two certain lots of land with the improvements thereon, situate in Warwick, Rhode Island, the other half being owned by his wife, Matilda Parr.

The respondents named in the bill, Sarah Gosling, Hettie Nichols and James Nichols, all residing at Nuton or Newton, Flowery Field, Cheshire, England, appear to have been duly served with notice of the pendency of the complainant's bill and to have had ample time and opportunity to make answer thereto.

Hugh M. Devlin the executor of the will of Matilda Parr and Thomas A. Little the beneficiary thereunder appeared by counsel and united in moving the Superior Court that the bill of complainant be taken as confessed and a decree to that effect was accordingly entered.

We now come to the question, what did Matilda Parr take under the will of her husband, George Parr, in the real estate mentioned? Did she take a fee or only a life estate with remainder over to her heirs?

Section 6 of Chapter 252 of the General Laws of 1909 provides that, "When lands are conveyed by deed or devised by will hereafter executed, to a person for his life, and after his death to his heirs in fee, or by words to that legal

effect, the conveyance or devise shall be construed to vest an estate for life only in such first-taker and a remainder in fee-simple in his heirs."

This statute is controlling in the present case. Under it this court can reach no other conclusion than that Matilda Parr took only a life estate and upon her death the remainder vested in her heirs at law, the respondents named in the bill, in fee simple.

It is argued in the brief for the complainant that we should consider the language of the will and various surrounding circumstances with a view to determining the intent of the testator and that from one or both of these sources it would appear that it was the intention and desire of the testator that all of his property should go to his wife, Matilda Parr. As further showing such intent we have before us the testimony of the person who drew the will, a paymaster in a manufacturing establishment, who says that he was told by George Parr, at the time the will was prepared, that he wanted his wife to have all of the property.

(2) In view of the statute, which we have cited, we cannot seek the intent of the testator by an interpretation of other portions of the will or by the consideration of surrounding circumstances. "The rule that the intention of the testator is to be discovered and given effect to, if possible, is subject to the qualification that such intention must be expressed in conformity to the laws by which the right of property is secured and established, for, in construing any devise, if it be made by words which have long received a particular technical construction, and thus become a rule of property, that construction ought to be received, or titles to estates held under such a rule will be unsettled." 30 Am. & Eng. Encyc. of Law, 748.

Our decision is that under the second clause of the will of George Parr his wife, Matilda Parr, took a life interest in his real estate and that upon her death the same passed to

the respondents, Sarah Gosling, James Nichols and Hettie Nichols, as her heirs at law.

A decree in accordance with this opinion may be presented to this court on Tuesday, July 6, 1920 at 9 o'clock, a. m., standard time.

*Fitzgerald & Higgins*, for all parties.    *William H. Camfield*, of counsel.